UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXANDRA E.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 1:18-cv-03050-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Cross-Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by D. James Tree, and Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney David Burdett.

    For the reasons set forth below, the Court **grants** Plaintiff's motion, **denies** Defendant's motion, and **reverses** the administrative law judge ("ALJ) decision denying disability benefits.

**Jurisdiction**

    On May 30, 2012, Plaintiff filed a Title II application for disability insurance benefits and as well as protectively filed a Title XVI application for supplemental security income. Plaintiff initially alleged an onset date of December 15, 2011, but requested a closed period of disability between May 30, 2012 and December 30,

2015.

Plaintiff's application was denied initially and on reconsideration. On March 24, 2014, Plaintiff appeared and testified at a hearing held in Yakima, Washington before an ALJ. Kimberly S. Mullinax also participated as a vocational expert. Plaintiff was represented by Tim Anderson, a non-attorney representative.

The ALJ issued a decision on April 24, 2014, finding that Plaintiff was not disabled. Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington. The Court granted the parties' Stipulated Motion to Remand. Another hearing was held on July 31, 2017, in Yakima, Washington, where Plaintiff appeared and testified. Kimberly S. Mullinax also participated as a vocational expert. Plaintiff was represented by D. James Tree and Tim Anderson.

The ALJ issued a decision on December 11, 2017, finding that Plaintiff was not disabled. Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on May 5, 2018. The matter is before this Court under 42 U.S.C. § 405(g).

**Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

//

## Statement of Facts

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. At the time of the 2017 hearing, Plaintiff was 30 years old. She has three children and lives with her fiancé. She works part time (12 hrs. a week), serving food and drinks.

Plaintiff has asthma that prevents her from working full time. She has a daily regime of steroids, inhalers and nebulizer treatments. She also suffers from severe obesity and significant allergies, including animals, dust, trees, and weeds.

## The ALJ's Findings

At step one, the ALJ found Plaintiff engaged in substantial gainful activity between January 1, 2012 and May 28, 2012, but found there has been a continuous 12-month period in which Plaintiff did not engage in substantial gainful activity. AR 649.

At step two, the ALJ found Plaintiff has the following severe impairments: asthma and obesity. AR 650.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 651. Specifically, the ALJ considered the severity of Plaintiff's obesity and concluded that Plaintiff's obesity, either alone or in combination with her other impairments was not of listing-level severity, given Plaintiff's significant weight loss. AR 651. The ALJ also found that Plaintiff's asthma did not meet the old listing 3.03B. AR 654.

The ALJ concluded that Plaintiff has the residual functional capacity to perform

> A full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with the exception that she can only perform job tasks requiring no more than frequent exposure to extreme cold, extreme heat, high humidity and atmospheric conditions, as these terms are defined by the Dictionary of Occupational Titles (DOT).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

AR 654. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a general clerk and hotel clerk. AR 661.

In the alternative, at step five, the ALJ found Plaintiff was not disabled on the basis that she could perform other work that exists in significant numbers in the national economy, including positions such as cashier II. AR 662.

## Issues for Review

1. Whether Plaintiff meets Listing 3.03(B)?

## Discussion

The ALJ erred in concluding that Plaintiff does not meet the old Listing 3.03(B)[1] because this conclusion is not supported by substantial evidence in the record.

Old Listing 3.03 sets forth the requirements to meet the Asthma Listing:

> 3.03 Asthma. With:
> A. Chronic asthmatic bronchitis. Evaluate under the criteria for chronic obstructive pulmonary disease in 3.02A;
> Or
> B. Attacks (as defined in 3.00C)[2], in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2

---

[1] The Social Security Administration revised Listing 3.03 effective October 7, 2016. The application Listing 3.03 was the Listing in effect for the closed period of May 2012 through December 2015.

[2] C. Episodic respiratory disease. When a respiratory impairment is episodic in nature, as can occur with exacerbations of asthma, cystic fibrosis, bronchiectasis, or chronic asthmatic bronchitis, the frequency and intensity of episodes that occur despite prescribed treatment are often the major criteria for determining the level of impairment. Documentation for these exacerbations should include available hospital, emergency facility and/or physician records indicating the dates of treatment; clinical and laboratory findings on presentation, such as the results of spirometry and arterial blood gas studies (ABGS); the treatment administered; the time period required for treatment; and the clinical response. Attacks of asthma, episodes of bronchitis or pneumonia or hemoptysis (more than blood-streaked sputum), or respiratory failure as referred to in paragraph B of 3.03, 3.04, and 3.07, are defined as prolonged symptomatic episodes lasting one or more days and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

> months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. 404, Subpt. P, App. 1, 3.03 (2015).

Here, the record demonstrates that Plaintiff required physician intervention sufficient to meet the Listing. She needed physician intervention in May 2012, July 2012, August 2012, December 2012, January 2013, February 2013, May 2013, September 2013, November 2013, December 2013, March 2014, April 2014, June, 2014, October 2015, and November 2015. In February, 2013, she stayed in the hospital the 8th through the 10th. In November, 2013, she was in the hospital the 7th through the 9th.

Notably, the ALJ erred in failing to consider Plaintiff's asthma episodes that required physician intervention for 2014 and 2015. It also erred by finding that Plaintiff was not fully in compliance with treatment because she was living with her grandmother, who smoked and owned dogs. The record demonstrates that Plaintiff wanted to move but she did not have the financial resources to do so and she stayed in the basement to keep away from the smoke and dogs. Also, even if she were to spend less time in the house, she had severe allergies, including dust, weeds and trees, so there was no way to avoid triggers that existed both inside and outside of the home. The record does not support the ALJ's conclusion that this was willful failure to

---

requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours. The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction. 20 C.F.R. 404, Subpt. P, App. 1, 3.00(C) (2015).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

follow prescribed treatment. Moreover, the ALJ's further attempts to discount Plaintiff's treatment compliance are not supported by the record.

## Conclusion

Because the record clearly establishes that Plaintiff meets Listing 3.03(B), a remand for an award of benefits is necessary. *See Lester v. Chater*, 81 F.l3d 821, 828 (9th Cir. 1995) ("Claimants are conclusively disabled if their condition either meets or equals a listed impairment.").

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** for an award of benefits, with a closed disability period between May 30, 2012 and December 30, 2015.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 11th day of January 2019.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**